[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 21-10026
Non-Argument Calendar

_____

D.C. Docket No. 3:15-cr-00236-KOB-SGC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TRAVIS OLANDERS CHERRY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(August 17, 2021)

Before BRANCH, LUCK, and EDMONDSON, Circuit Judges.

PER CURIAM:

Travis Cherry, a federal prisoner proceeding pro se,[1] appeals the district court's denial of Cherry's second motion for reconsideration.  Cherry sought reconsideration of the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  No reversible error has been shown; we affirm.

Cherry pleaded guilty to possession of child pornography, in violation of 18 U.S.C. § 2252A(b)(2).  In 2016, Cherry was sentenced to 135 months' imprisonment.

In July 2020, Cherry moved pro se -- under section 3582(c)(1)(A) - for compassionate release in the light of the COVID-19 pandemic.  Cherry asserted that the prison was unable to provide adequate protection from COVID-19 and that he had tested positive for COVID-19.  Cherry also said he suffered from "epilepsy and seizure disorder, cardiovascular disease, schizophrenia, and from hyperlipidemia."

On 25 September 2020, the district court denied without prejudice Cherry's motion for compassionate release.  In pertinent part, the district court noted that

---

[1] We read liberally briefs filed by pro se litigants.  See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

Cherry provided no medical records or proof of his medical conditions and, thus, failed to demonstrate an "extraordinary and compelling reason" warranting a reduced sentence.

On 30 October 2020, Cherry moved for reconsideration of the denial of compassionate release ("First Reconsideration Motion"). Cherry's motion was docketed on 16 November. In support of his motion, Cherry attached over 100 pages of additional information, including his prison medical records. According to his medical records, Cherry was diagnosed with asymptomatic COVID-19 in May 2020 and had recovered by June 2020. Cherry's medical records also marked as "resolved" or in "remission" Cherry's hyperlipidemia, epilepsy, and cerebrovascular disease.

On 23 November 2020, the district court denied Cherry's First Reconsideration Motion. The district court noted that Cherry's medical records undermined Cherry's claim for compassionate release. The district court said that -- because Cherry had already recovered from COVID-19 and was asymptomatic -- the risk of future health complications due to COVID-19 was minimized.

On 1 December 2020, Cherry filed an "Objection to court's order" ("Second Reconsideration Motion"). Cherry urged the district court to withdraw the court's 23 November order denying his First Reconsideration Motion on grounds that the

3

district court ruled on that motion before the court received a supplement Cherry filed on 15 November 2020.

On 8 December 2020, the district court issued an order denying Cherry's Second Reconsideration Motion: this 8 December order is the order underlying this appeal. The district court assumed that the 15 November supplemental filing identified by Cherry referred to the supplemental documents attached to Cherry's First Reconsideration Motion: a document received by the district court on 16 November. Because the district court had considered adequately Cherry's First Reconsideration Motion and the attached documentation, the district court denied Cherry's Second Reconsideration Motion.

The next day -- on 9 December 2020 -- the district court received Cherry's "Supplement to reconsideration motion," signed by Cherry on 15 November. Among other things, Cherry's supplemental document requested a hearing on his motion for compassionate release.[2]

Cherry then filed a notice of appeal of the district court's 8 December 2020 order. This appeal followed.

---

[2] In a 21 January 2021 order, the district court -- assuming it retained jurisdiction to rule on a motion filed before Cherry filed his notice of appeal -- denied Cherry's 15 November supplemental motion for reconsideration. The district court also rejected Cherry's assertion that a hearing was required on his motion for compassionate release.

4

As an initial matter, the government notes that Cherry's pro se notice of appeal is unsigned. As a result, the government says Cherry's unsworn certification (contained in the notice of appeal) that the document was placed in the prison's internal mail system on 22 December 2020 fails to satisfy Fed. R. App. P. 4(c)(1)(A)(i) (the prison-mailbox rule). Never has the government actually moved to dismiss this appeal on grounds that the notice of appeal was untimely filed. Nor has the government asserted that Cherry in fact failed to place his notice of appeal in the prison mail system by the pertinent time allowed by Rule 4(b).

Because the purported defect in Cherry's notice of appeal is non-jurisdictional -- and in the absence of a flat objection by the government on timeliness grounds -- we will proceed to the merits. See United States v. Lopez, 562 F.3d 1309, 1313 (11th Cir. 2009) (concluding that the deadline in Rule 4(b) for a defendant to file a notice of appeal in a criminal case is not jurisdictional and, thus, can be waived).

Cherry's sole argument on appeal is that he was entitled to a hearing before the district court to determine his eligibility for compassionate release. We disagree. We have determined -- in the context of analogous motions for a sentence reduction made under section 3582(c)(1)(B) and section 3582(c)(2) -- that a district court need not hold an evidentiary hearing before ruling on a motion for a

5

reduced sentence.  See United States v. Denson, 963 F.3d 1080, 1086-87 (11th Cir. 2020) (concluding that a district court is not required to hold a hearing before ruling on a motion for a reduced sentence made pursuant to 18 U.S.C. § 3582(c)(1)(B)); United States v. Caraballo-Martinez, 866 F.3d 1233, 1249 (11th Cir. 2017) (determining that no evidentiary hearing is required on a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2)).

The district court committed no error in ruling on Cherry's motion for compassionate release without first holding an evidentiary hearing.

AFFIRMED.